UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| Kenneth Varner, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) Case No. 3:14-CV-196-PLR-CCS |
| | ) |
| Loudon County, *et al.*, | ) |
| | ) |
| *Defendant*. | ) |

**Memorandum Opinion and Order**

This § 1983 case comes before the Court on several of the defendants' motions to dismiss. The Loudon County Sheriff's Office and Loudon County Jail have moved to dismiss the plaintiff's complaint against them because they are not suable entities. [R. 7]. Sheriff Guider filed a motion to dismiss the plaintiff's state-law claims that purportedly arise under the Tennessee constitution because there is no private cause of action for violations of the Tennessee constitution. [R. 9]. Finally, Loudon County has moved to dismiss the plaintiff's state-law claims against it because Loudon County is immune under the Tennessee Governmental Tort Liability Act (the "TGTLA"). [R. 11].

The plaintiff concedes two of these issues in his response. *First*, the plaintiff concedes that the Sheriff's Office and Loudon County Jail are not suable entities. Accordingly, their motions to dismiss will be granted, and the plaintiff's claims against them will be dismissed. *Second*, the plaintiff concedes that there is no private cause of

action for violations of the Tennessee constitution. Accordingly, all of the plaintiff's claims based on alleged violations of the Tennessee constitution will be dismissed.

With those claims dismissed, the only remaining issue concerns Loudon County's assertion that it is immune from the plaintiff's remaining state-law claims. Under the TGTLA, municipalities are generally immune from suit except when immunity is removed. Tenn. Code Ann. § 29-20-201. One area where immunity has been removed is civil claims sounding in negligence. Tenn. Code Ann. § 29-20-205. But immunity is not removed in actions arising out of "civil rights." Tenn. Code Ann. § 29-20-205(2). Accordingly, municipalities in Tennessee are immune from liability for state-law claims asserting civil rights violations.

This is clearly a civil rights case, and Loudon County is immune under the TGTLA. The various torts alleged by the plaintiff, including assault and battery, infliction of emotional distress, "failure to summon medical care," negligence, and "proximate cause" were all allegedly committed within the context of the plaintiff's civil rights violations. The plaintiff contends that his state-law claims are "separate and distinct" from the civil rights claims asserted elsewhere in the complaint; however, the claims are based on identical conduct. A party cannot circumvent a municipality's immunity by couching civil rights claims in the guise of negligence. *Campbell v. Anderson County*, 695 F. Supp. 2d 764, 778 (E.D. Tenn. 2010). Accordingly, the plaintiff's state-law claims against Loudon County will be dismissed.

For the foregoing reasons, the Loudon County Jail and Loudon County Sheriff's Office's motion to dismiss [R. 7] is **Granted**; Sheriff Guider's motion to dismiss [R. 9] is

2

**Granted**; and Loudon County's motion to dismiss [R. 11] is **Granted**. The Loudon County Jail and Loudon County Sheriff's Office are **Dismissed**; all claims based on purported violations of the Tennessee constitution are **Dismissed**; and the plaintiff's state-law claims asserted against Loudon County are **Dismissed**.

    **IT IS SO ORDERED**.

_____
**UNITED STATES DISTRICT JUDGE**