UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| KENNETH LEE VARNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:14-CV-196-PLR-CCS |
| | ) | |
| LOUDON COUNTY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

This case came before the undersigned on June 22, 2015, to address various motions pending in this case. In the Memorandum and Order entered June 23, 2015, the Motion to Dismiss Elin Wilburn, filed by Defendant Loudon County and Defendant Timothy Guider [Doc. 13] and the Renewed Motion to Dismiss and Second Supplement to Response to Request for Entry of Default Against Ellen Wilburn [Doc. 48] were denied without prejudice, and the Motion to Strike or Exclude Defendants' Late Filed Response [Doc. 56] was denied as moot.

In addition, the Notice of Service by Certified Mail or in the Alternative Motion to Serve by Publication and to Expand Time, filed by Plaintiff [Doc. 37], was granted in part and denied in part. Specifically, the Plaintiff's request that his service by certified mail be deemed timely and valid was denied; the Plaintiff's request that he be granted leave to procure service by publication was denied as premature; and the Plaintiff's request that service made upon Defendant Ellen Wilburn be deemed timely was held in abeyance.

The parties were to appear before the undersigned on July 28, 2015, for a conference to address the status of service upon Ms. Wilburn. At the parties' request, this conference was reset to September 2, 2015. In reviewing this file in preparation for the conference, the Court finds that it is no longer necessary to conduct a conference.

On June 27, 2015, Ms. Wilburn was served. [Doc. 66-1]. Attorneys Arthur Knight, Jonathan Taylor, and Courtney Houpt appeared on her behalf, [Docs. 66, 67, 68], and on August 14, 2015, Ms. Wilburn filed an Answer, [Doc. 71]. In her Answer, Ms. Wilburn states that she relies on Fed. R. Civ. P. 12(b)(5) in this case. [Doc. 71 at ¶ 7]. To the extent that the sufficiency of service of process has been challenged, it will be decided by the presiding District Judge, as may be appropriate under Fed. R. Civ. P. 12(b). With Ms. Wilburn having been served and the defense under Fed. R. Civ. P. 12(b)(5) having been raised, the undersigned finds that there are no further issues for the undersigned decide within the context of Plaintiff's motion [Doc. 37].

Based upon the foregoing, the conference is **CANCELLED** and any remaining requests for relief by the Plaintiff are **DENIED WITHOUT PREJUDICE** to permit them to be presented to the District Judge pursuant to Fed. R. Civ. P. 12(b), as may be appropriate.

**IT IS SO ORDERED**.

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge